UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eric Drake

   v.                                       Case No. 16-cv-527-JL

Mitch Rosen Extraordinary
Gunleather, LLC

### REPORT AND RECOMMENDATION

Appearing pro se, Eric Drake has sued Mitch Rosen Extraordinary Gunleather, LLC ("Mitch Rosen"), in six counts. Drake's claims arise from his dissatisfaction with a holster he ordered from Mitch Rosen, and his dissatisfaction with the response he received from Mitch Rosen after he complained about the holster. His complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Standard of Review

When determining whether a pro se pleading states a claim, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). To make its determination, the court disregards any legal conclusions and then decides whether the facts alleged in the pleadings, and the inferences reasonably drawn from them, if taken as true, state a claim to relief that is facially plausible. See Hernandez-Cuevas v. Taylor, 723 F.3d

91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  On preliminary review, the court may dismiss the complaint if the pleading "fails to state a claim on which relief may be granted," or if the court lacks subject-matter jurisdiction over any of the claims that the pleading does adequately state.  28 U.S.C. § 1915(e)(2), 1915A; LR 4.3(d)(2).

## Background

The facts recited in this section are drawn from Drake's complaint.  Drake ordered a holster from Mitch Rosen by sending the company $175.  Mitch Rosen confirmed the order by e-mail.  When Drake received the holster, it did not fit the firearm for which he had ordered it.  When he contacted Mitch Rosen and asked to speak with Mr. Mitchell Rosen, employees of the company blocked his access to Mr. Rosen.  In response to numerous e-mails asking Mitch Rosen to remake the holster, the company refused to do so, and its employees were discourteous.  In addition, they informed Drake, by e-mail, that Mitch Rosen would not refund the cost of the holster and told him that he had abused it.  According to Drake, Mitch Rosen employees treated him that way because he is African American.

Based on the foregoing, Drake asserts state-law claims for: specific performance (Count 1), breach of implied warranty

(Count 2), deceptive and unfair trade practices (Count 3), negligence and negligent misrepresentation (Count 4), and intentional infliction of emotional distress (Count 6).  In addition, he asserts a federal claim for racial discrimination (Count 5).  With respect to his state-law claims, the primary relief he seeks is an order compelling Mitch Rosen to make him the holster he originally ordered plus five other holsters of his choice.

## Discussion

Given that Drake's state-law claims are rooted in a dispute over a holster that sells for $175, those claims do not cross the $75,000 amount-in-controversy threshold that they must reach to give this court original jurisdiction over them.  See 28 U.S.C. § 1332(a); see also Kilgore v. Providence Place Mall, C.A. No. 16-135S, 2016 WL 3092990, at *3 (D.R.I. Apr. 1, 2016), R & R adopted by 2016 WL 3093450 (June 1, 2016) ("for diversity jurisdiction [under § 1332] to be available, the claim must either seek a monetary judgment or an injunction with a pecuniary consequence of more than $75,000") (citing Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004)).  Thus, the court's subject-matter jurisdiction hinges upon whether Drake has stated a federal claim on which relief can be granted.

See 28 U.S.C. § 1331.

In his complaint, Drake bases his racial discrimination claim on 42 U.S.C. § 1981 and, perhaps, the United States Constitution. If he is "asserting a claim for race discrimination in violation of the Fourteenth Amendment," Kilgore, 2016 WL 3092990, at *4, that claim "must be asserted pursuant to 42 U.S.C. § 1983," id. However, "[t]o state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation [of a constitutional right] was committed by a person acting under color of state law." Id. (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). Because Drake has alleged no facts showing, or from which one could reasonably infer, that Mitch Rosen was anything other than a private company, Drake has not stated a claim under § 1983. That leaves his claim under § 1981.

"42 U.S.C. § 1981 . . . ensures that 'all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . .'" Kilgore, 2016 WL 3092990, at *3. To state a prima facie case under § 1981, a plaintiff

> must plausibly plead that he: (1) is a member of a protected class; (2) that the allegedly discriminatory conduct concerned one or more of the activities enumerated in the statute; i.e., the making, performance, modification, or termination of

>  contracts, or the enjoyment of all benefits,
>  privileges, terms, and conditions of the contractual
>  relationship; and (3) was treated less favorably with
>  regard to his enjoyment of the benefits of the
>  contractual relationship than the similarly situated
>  persons who are not members of the protected class.

Id. at *4 (citing Slocumb v. Waffle House, Inc., 365 F. Supp. 2d 1332, 1338 (N.D. Ga. 2005)).  The problem is that Drake has not plausibly plead the third element of a § 1981 claim.  That is, he does not allege, in any way, that Mitch Rosen treated him less favorably than it treated its white customers.[1]  Absent such an allegation, Drake has failed to state a claim on which relief may be granted under § 1981.

For the sake of completeness, the court concludes by turning briefly to another possible federal cause of action identified by the court in Kilgore.  In that case, the plaintiff

---

[1] As to the kinds of allegations that do establish the third element of a § 1981 claim, the court turns to Kilgore:

> To illustrate what would satisfy the standard, Brown
> [v. Luxor Hotel & Casino, No. 2:14-CV-00991-MMD, 2014
> WL 2858488 (D. Nev. June 23, 2014)] pointed to
> Slocumb, 365 F. Supp. 2d 1332; Slocumb considered the
> claim of an African-American family, which was found
> to be sufficient in that it alleged that the family
> was treated less favorably than similarly situated
> persons based on evidence that a hostess seated and
> served several white families prior to seating and
> serving them, despite their arriving to the restaurant
> first.  Id. at 1339-40.

2016 WL 3092990, at *4.

asserted a claim for racial discrimination, but did not name any particular statute. See 2016 WL 3092990, at *3. On preliminary review, Magistrate Judge Sullivan "examined what appear[ed] to be the essence of [the plaintiff's] claim – harassment by a security guard of a Mall loiterer based on race – and considered several possible federal claims." Id. Specifically, she considered both § 1981 and "42 U.S.C. § 2000a(a), which prohibits race discrimination in places of public accommodation." Id.

To state a prima facie case of discrimination under § 2000a, a plaintiff

> must plausibly plead that he: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class.

Id. (citing Brown v. Luxor Hotel & Casino, No. 2:14-CV-00991-MMD, 2014 WL 2858488, at *2 (D. Nev. June 23, 2014)). The fourth element of a § 2000a claim and the third element of a § 1981 claim are "substantially similar." Kilgore, 2016 WL 3092990, at *4 (citing Slocomb, 365 F. Supp. 2d at 1342). Because Drake's complaint does not satisfy the third element of a § 1981 claim, it necessarily fails to satisfy the fourth element of a § 2000a claim. Moreover, Drake has not pleaded

6

facts that would establish the second element of a § 2000a claim.  "Section 2000a's prohibition on race discrimination applies to the places of public accommodation itemized in § 2000a(b), including hotels, restaurants, theaters, sports arenas and other places of eating, entertainment or exhibition." Kilgore, 2016 WL 3092990, at *3.  Drake has not alleged that he purchased his holster from Mitch Rosen in any of the places of public accommodation that are itemized in § 2000a(b).  Thus, his complaint does not satisfy the second element of a § 2000a claim.[2]

## Conclusion

For the reasons detailed above, Drake has failed to state a discrimination claim under federal law, and the court lacks subject-matter jurisdiction over his state-law claims.  However, on the chance that Drake may have one or more colorable claims against Mitch Rosen, and in the interest of ensuring that he has an opportunity to litigate any such claims, the court will grant Drake leave to file a motion to amend his complaint.

---

[2] Moreover, given Drake's allegations that he communicated with Mitch Rosen by mail, by e-mail, and over the telephone, there appears to be no factual basis for his conclusory assertion that Mitch Rosen "understood that the Plaintiff['s] race was African American."  Compl. (doc. no. 1) ¶ 43.b.

By February 17, 2017, Drake must file a motion to amend his complaint to:

1. satisfy the amount-in-controversy requirement stated in 28 U.S.C. § 1332(a); and/or

2. allege facts sufficient to establish disparate treatment, <u>i.e.</u>, the third element of a § 1981 claim.

If he fails to do so, or presents an amended complaint that is still deficient, this magistrate judge will advise the district judge to dismiss Drake's complaint without prejudice.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 17, 2017

cc: Eric Drake, pro se