UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Eric Drake

    v.                                      Case No. 16-cv-527-JL

Mitch Rosen Extraordinary
Gunleather, LLC


**REPORT AND RECOMMENDATION**

     Before the court for preliminary review is pro se plaintiff Eric Drake's first amended complaint ("FAC"). Plaintiff filed his FAC in response to a previous report and recommendation in which the court determined that Drake's original complaint "failed to state a discrimination claim under federal law," doc. no. 4, at 7, and also failed to satisfy the amount-in-controversy requirement for diversity jurisdiction set out in 28 U.S.C. 1332(b). Even so, Drake was given leave to file a motion to amend his complaint to: (1) satisfy the amount-in-controversy requirement; and/or (2) "allege facts sufficient to establish disparate treatment, i.e., the third element of a § 1981 claim," R. & R. (doc. no. 4), 8. For the reasons that follow, the claim under 42 U.S.C. § 1981 that Drake asserts in Count 6 of his FAC should be dismissed for failure to state a claim, and the rest of his claims should be dismissed for lack of subject-matter

jurisdiction.

## **Standard of Review**

When determining whether a pro se pleading states a claim, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). To make its determination, the court disregards any legal conclusions and then decides whether the facts alleged in the pleadings, and the inferences reasonably drawn from them, if taken as true, state a claim to relief that is facially plausible. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). On preliminary review, the court may dismiss the complaint if the pleading "fails to state a claim on which relief may be granted," or if the court lacks subject-matter jurisdiction over any of the claims that the pleading does adequately state. 28 U.S.C. § 1915(e)(2), 1915A; LR 4.3(d)(2).

## **Background**

Drake's original complaint asserted six claims against Mitch Rosen Extraordinary Gunleather, LLC ("Mitch Rosen" or "MR"). Generally speaking, Drake's claims arose from his dissatisfaction with Mitch Rosen's manufacture of a $175 holster

2

he had ordered, and his dissatisfaction with the manner in which one or more MR employees responded to complaints he made about the holster after he received it. Five of Drake's claims were brought under state law. The remaining cause of action was captioned "Discrimination," and while Drake cited no legal authority for that cause of action, the court construed it to be a federal claim. After discussing several potential federal grounds for a discrimination claim, the court concluded that the only viable one was 42 U.S.C. § 1981. Accordingly, the court described the elements of a prima facie case under § 1981, and determined that Drake had failed to allege facts sufficient to satisfy the third element, i.e., that he had been "treated less favorably . . . than . . . similarly situated persons who [were] not members of the protected class." R. & R. (doc. no. 4) 5 (quoting Kilgore v. Providence Place Mall, C.A. No. 16-135S, 2016 WL 3092990, at *4 (D.R.I. Apr. 1, 2016)). In his FAC, Drake asserts eight claims, the six he asserted in his original complaint, plus a request for a declaratory judgment (Count 7) and a claim under 42 U.S.C. §§ 1981 and 1991 (Count 6).[1]

---

[1] Drake's § 1991 claim is a bit of a mystery. He asserts that "[d]efendants also conspired to violate 42 USC § 1991." FAC (doc. no. 5) ¶ 54 (emphasis added). Section 1991, however, pertains to fees that must be paid to persons appointed to execute process under 42 U.S.C. § 1989, and plaintiff alleges no

**Discussion**

In its previous Report and Recommendation, the court gave the following example of allegations sufficient to satisfy the third element of a § 1981 claim:

> To illustrate what would satisfy the standard, Brown [v. Luxor Hotel & Casino, No. 2:14-CV-00991-MMD, 2014 WL 2858488 (D. Nev. June 23, 2014)] pointed to Slocumb [v. Waffle House, Inc.], 365 F. Supp. 2d 1332 [(N.D. Ga. 2005)]; Slocumb considered the claim of an African-American family, which was found to be sufficient in that it alleged that the family was treated less favorably than similarly situated persons based on evidence that a hostess seated and served several white families prior to seating and serving them, despite their arriving to the restaurant first. Id. at 1339-40.

Kilgore, 2016 WL 3092990, at *4.

In support of his § 1981 claim, Drake does not allege that any other Mitch Rosen customer, who was not a member of a racial minority and who complained about MR merchandise in approximately the same way that he did, received a more favorable responses than he did. In other words, he still has not alleged facts that satisfy the disparate-treatment element of his § 1981 claim.

Rather than taking the traditional route, Drake attempts to

---

facts concerning the execution of process under § 1989. Because plaintiff's purported § 1991 claim is legally unintelligible, the court construes Count 6 as asserting only a § 1981 claim.

4

allege disparate treatment in the following way. First, he alleges that on March 13, 2015, he telephoned Mitch Rosen to complain that the holster received from MR did not fit the gun for which he had ordered it. He further alleges that the MR employee with whom he spoke could tell from his voice that he was African American, and as a result, refused to: (1) let him speak with MR's owner, Mitchell Rosen; or (2) remake the holster.[2] To demonstrate disparate treatment, he alleges:

> Plaintiff made contact with MR on January 31, 2017, and inquired about MR manufacturing gun leather for a Sig Sauer. However, this time, the Plaintiff told MR employees that he was an advisor for law enforcement, as he was previously employed. The Plaintiff also altered his voice to sound more like a Caucasian, rather than a black man. Unlike previous requests, Plaintiff was directed to Mr. Rosen. Plaintiff asked an MR employee what if the leather for the gun just will not fit for whatever reason, would you remake it since I am willing to wait . . . a couple of months to have the original holster manufactured? The Plaintiff was assured that if the holster did not fit the gun, that Mitch Rosen would make it right. However, MR refused to remake the holster for the Plaintiff who they knew was black by his voice, and MR knew the Plaintiff was an African American, because he told them on at least one occasion that you are treating [me] like this because I am African American. MR would not consider making the holster right for the Plaintiff, who they knew was black.

---

[2] Nowhere does Drake allege that any Mitch Rosen employee ever said anything about his race, disparaging or otherwise.

5

FAC (doc. no. 5) ¶ 12.[3]

Drake's attempt to allege facts that establish disparate treatment misses the mark. Most importantly, the Caucasian that Drake pretended to be in 2017 was not in the same situation that Drake himself was in at the time of the events in 2015 that gave rise to his claims. A prospective customer calling to ask about Mitch Rosen's return policy, in the abstract, is not the same as an actual customer calling to complain about a purportedly defective product. And Drake alleges that in 2017, he identified himself as a law-enforcement advisor, while he does not allege that he did so in 2015, which introduces yet another variable into the equation. Thus, the telephone interactions in 2015 and 2017, as alleged, were too different for the latter to provide a plausible basis for claiming that the poor treatment that Drake claims to have received during the former was motivated by racism. What Drake needed to allege was that a

---

[3] Whether the court must presume that the Mitch Rosen employee Drake spoke with in 2015 thought that he sounded black, and whether the court must presume that the MR employee Drake spoke with in 2017 thought that he sounded white, are interesting legal questions that the court need not resolve. However, given Drake's unambiguous allegation that he mentioned his race to an MR employee only after the treatment he claims to have been racist, his express disclosure of his race could not have been causally linked to the treatment on which he bases his § 1981 claim.

white customer, calling Mitch Rosen to complain about an allegedly ill-fitting holster and exhibiting the same demeanor he exhibited during his March 2015 telephone conversation, was treated better than he was treated.  In short, the real black Drake of 2015 and the ersatz white Drake of 2017 were in such different situations that plaintiff's attempt to be both the victim of racism and proof of disparate treatment does not result in factual allegations that are sufficient to establish the disparate-treatment element of a § 1981 claim.

Absent a viable federal claim, Drake's FAC must be dismissed unless he has adequately alleged damages for his state-law claims that satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction.  He has not.  As the court has noted, plaintiff asserted five claims under state law in his original complaint.  Those five claims all appear in plaintiff's FAC, and the exact same language is used in both complaints.  Indeed, plaintiff's only assertion that his damages exceed $75,000 appears in his § 1981 claim.  <u>See</u> FAC ¶ 56.  Accordingly, Drake has failed to state claims under state law that cross the amount-in-controversy threshold necessary to establish diversity jurisdiction.

**<u>Conclusion</u>**

Because plaintiff has failed to state a § 1981 claim upon which relief can be granted, and has failed to assert state-law claims over which this court may properly exercise diversity jurisdiction, his FAC, document no. 5, should be dismissed.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                  */s/ Andrea K. Johnstone*
                                  Andrea K. Johnstone
                                  United States Magistrate Judge

May 3, 2017

cc: Eric Drake, pro se